# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| **GARY PUHR,**<br><br>Plaintiff,<br><br>v.<br><br>**UNIVAR, INC.,**<br><br>Defendant. | Case No. 2014L006611<br>CALENDAR/ROOM N<br>TIME 00:00<br>Retaliatory Discharge<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiff, **GARY PUHR** ("Mr. Puhr"), by and through his undersigned counsel, Michael I. Leonard, Ethan E. White, and Leonard Law Offices, states as follows as his Verified Complaint against Defendant, **UNIVAR, INC.,** ("UNIVAR"):

### THE PARTIES

1. Plaintiff, Mr. Puhr, is a citizen and resident of the State of Illinois, who resides in Warrenville, Illinois. At all relevant times, Mr. Puhr was employed by **UNIVAR**.

2. Defendant, **UNIVAR**, is a Delaware corporation. **UNIVAR** is in the chemical distribution business, and it is headquarted in Redmond, Washington. **UNIVAR** employs more than 7,000 employees worldwide and generates net sales on an annual basis in of nine billion dollars. **UNIVAR** has at all relevant times been doing business, and regularly and continuously transacting business in the State of Illinois and in this County.

### VENUE

3. Venus is proper in this Court pursuant to 735 ILCS 5/2-101 (1) and (2).

## BACKGROUND FACTS

4. UNIVAR hired Mr. Puhr on or about June 2013 for the position of Delivery Specialist.

5. Mr. Puhr at all relevant times met and/or exceeded UNIVAR'S legitimate performance expectations.

6. On December 31, 2013, Mr. Puhr was working for UNIVAR at a job at PQ Corporation in Joliet, Illinois.

7. As a result of his assignment and work at that site on that occasion, Mr. Puhr suffered a work-related injury, namely chemical burns to his feet. Mr. Puhr was taken to the emergency room for treatment.

8. At the hospital, Mr. Puhr's Supervisor, an employee of UNIVAR, met with Mr. Puhr met and told him, *inter alia*, that Mr. Puhr was not in trouble; that he was a good employee; and that it was PG's fault for Mr. Puhr's injury because it had allowed sodium hydroxide to remain sitting in the containment area.

9. Subsequently, Mr. Puhr's course of treatment entailed, among other things, treatment at Loyola's burn unit, as well as skin graft surgery.

10. Ultimately, Mr. Puhr was released from the hospital after approximately one week.

11. Mr. Puhr filed for and began receiving workmens' compensation benefits.

12. During that time period, Mr. Puhr was unable to return to work, and attended doctor's visits on a regular basis.

13. While on workmens' compensation, the Coordinating Nurse who attended Mr.

2

Puhr's doctor's visits with him regularly reported Mr. Puhr's progress and status to UNIVAR's human resources representatives as well to Mr. Puhr's Supervisor.

14. During that time period, Mr. Puhr's Supervisor regularly check in with him.

15. In April 2014, Mr. Puhr's Supervisor provided him with a new pair of work boots for Mr. Puhr's return to work.

16. On May 19, 2014, Mr. Puhr visited his treating doctor and suggested that Mr. Puhr return to work on a part-time basis, with the expectation that Mr. Puhr would be able to return to his full-time duties within two weeks.

17. According to Mr. Puhr's workmens' compensation Coordinating Nurse, she discussed this plan with UNIVAR and it had approved it.

18. Mr. Puhr's Supervisor told him that he wanted him to come in for training on May 20, 2014. However, Mr. Puhr's Supervisor later instructed him not to report to work in light of the fact that his return to work was only part-time.

19. Mr. Puhr's Supervisor subsequently told Mr. Puhr not to report to work until he heard back from him.

20. On May 30, 2014, Mr. Puhr's Supervisor told him not to return to work until he obtained a full release.

21. On June 2, 2014, Mr. Puhr provided his Supervisor with a full return to work clearance from his doctor.

22. On June 3, 2014, Mr. Puhr reported to work at UNIVAR, ready, willing, and able to return to his job related duties.

23. On that same day, UNIVAR immediately fired Mr. Puhr.

24. UNIVAR fired Mr. Puhr because he had exercised his rights, and filed for and

3

received workmens' compensation benefits.

25. **UNIVAR** attempted to cover up its true motivations for the termination of Mr. Puhr by falsely claiming that he was being fired purportedly because he had not worn rubber boots at the time of his work-related accident back in December 2013.

26. Rubber boots were not part of the required workwear that Mr. Puhr and his fellow employees had been then required to wear.

27. **UNIVAR'S** termination of Mr. Puhr was illegal and in retaliation for exercising his rights under the Workmens' Compensation Act.

### LEGAL CLAIMS

### COUNT I

### (Common Law Retaliatory Discharge)

28. Mr. Puhr incorporates by reference, as though fully set forth herein, Paragraphs 1 through 27 above as Paragraph 28 of Count I of this Complaint.

29. **UNIVAR'S** termination of Mr. Puhr was in retaliation for his above-described protected activity.

30. **UNIVAR'S** retaliatory termination of Mr. Puhr violates a clear and long-standing ma0ndate of Illinois public policy, i.e., allowing employees to exercise their right to file for and receive workmens' compensation benefits.

31. **UNIVAR** acted intentionally, willfully, and wantonly, and with intentional disregard for Mr. Puhr's rights and the law.

32. As a direct and proximate result of **UNIVAR'S** retaliatory discharge,

Mr. Puhr has suffered damages, including but not limited to: loss of wages, loss of benefits, and emotional distress.

**WHEREFORE**, Plaintiff, Gary Puhr, by and through his undersigned counsel, respectfully prays for the entry of judgment in his favor and against the Defendant, **UNIVAR**, on Count I of this Complaint, in an amount in excess of $75,000, for compensatory damages, for his attorneys' fees and costs, for punitive damages, and for all such other and further relief as is appropriate under the circumstances.

**JURY TRIAL DEMANDED**

RESPECTFULLY SUBMITTED,

By: _____
Counsel for Plaintiff

**LEONARD LAW OFFICES**
Michael I. Leonard
Ethan E. White
203 North LaSalle, Suite 1620
Chicago, Illinois 60601
(312) 380-6659 (direct)
(312) 264-0671 (fax)
mleonard@leonardlawoffices.com
ewhite@leonardlawoffices.com
Law Firm I.D. No. 56296
June 20, 2014

## VERIFICATION

The undersigned, Gary Puhr, after being first duly sworn on oath, deposes and states that he has personal knowledge of the above Verified Complaint, and that its contents are true and correct to the best of his knowledge, information, and belief, after reasonable and diligent inquiry.

By: _____
Gary Puhr