**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GARY PUHR,

                **Plaintiff,**

        **v.**

UNIVAR, INC.,

                **Defendant.**

**Case No. 14 C 5837**

**Judge Harry D. Leinenweber**

## MEMORANDUM OPINION AND ORDER

Plaintiff Gary Puhr ("Puhr") claims that his former employer, Defendant Univar Inc. ("Univar"), wrongfully terminated him in retaliation for exercising his rights under the Illinois Workers' Compensation Act ("IWCA"). Before the Court is Univar's Motion for Summary Judgment [ECF No. 12]. For the reasons stated herein, the Motion is granted.

## I. BACKGROUND

The following facts are undisputed unless otherwise noted. Univar is a chemical distribution company with facilities across the United States, including one in Plainfield, Illinois, where Puhr was employed as a bulk delivery specialist. George "Jay" Boby ("Boby") is Operations Manager at the Plainfield facility.

As a bulk delivery specialist, Puhr drove tanker trucks loaded with hazardous chemicals to various client sites. Given the nature of the chemical products, safety is particularly

important. According to Univar, all employees receive safety training and are required to use personal protective equipment ("PPE") when loading, unloading, or otherwise handling corrosive materials. Univar contends that PPE includes rubber "over-boots" which are worn over steel-toed work boots. Puhr, however, testified that he never received over-boots with his mandatory PPE, and that they were never mentioned during safety training.

On December 31, 2013, approximately six months in to Puhr's employment, Puhr was assigned to deliver a truck of sodium hydroxide to PQ Corporation, a Univar client in Joliet, Illinois. Sometime later, Puhr contacted Univar dispatch from PQ's containment area, reporting trouble with the truck's air lines, which may have been frozen. The next time Puhr contacted dispatch, he reported that he had gotten chemical burns on the top of his feet while attempting to thaw the truck's lines. Puhr was taken to a nearby emergency room for treatment. Puhr told Boby, who visited him later that day, that he had not been wearing over-boots. Sometime after his release from the hospital on January 2 or 3, Puhr filed for and began receiving workers' compensation benefits.

Univar conducted an investigation of the incident. Although Univar could not determine whether Puhr's injury had been caused by the product in the truck, or by another chemical

already in the PQ containment area, Univar concluded that Puhr could have prevented his injury by wearing rubber over-boots. On January 3, 2014, Boby emailed Univar's HR director, Jason O'Neal ("O'Neal"), stating that he and Mike Lewis ("Lewis"), a general manager, had determined that Puhr should be terminated for failing to wear PPE. According to Boby's deposition, O'Neal responded that Puhr would be terminated upon his return to work. In the interim, Puhr would continue to receive his pay and medical benefits. Puhr contends that the decision to terminate him was not made immediately after the incident, but sometime later.

Months passed, and Puhr was not cleared for a full-time return to work until June 9, 2014. On June 10, 2014, Puhr received a notice stating that he was being terminated for not wearing his required PPE. Later that month, Puhr filed his complaint in the Circuit Court of Cook County alleging that Univar discharged him in retaliation for exercising his rights under the IWCA. On July 30, 2014, the case was removed to federal court.

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that affect the outcome of the lawsuit.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party may meet its burden by showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party satisfies its initial burden, the non-moving party must demonstrate with evidence "that a triable issue of fact remains on issues for which [it] bears the burden of proof." *Knight v. Wiseman,* 590 F.3d 458, 463-64 (7th Cir. 2009).

The judge's role at summary judgment is not to make credibility determinations or weigh the evidence. *Washington v. Haupert,* 481 F.3d 543, 550 (7th Cir. 2007). In determining whether a genuine issue of material fact exists, the Court construes all evidence in the light most favorable to the nonmoving party. *Bellaver v. Quanex Corp.,* 200 F.3d 485, 491-92 (7th Cir. 2000).

### III. ANALYSIS

Where, as here, a retaliatory discharge case brought under Illinois law is litigated in federal court, "the federal court must apply the standard of the state law to a motion for summary judgment, and not the federal standard." *Gacek v. Am. Airlines, Inc.,* 614 F.3d 298, 303 (7th Cir. 2010). To establish retaliatory discharge in the workers' compensation context, Puhr

must show that (1) he was employed by Univar before his termination occurred, (2) he exercised a right granted under the IWCA, and (3) his discharge was causally related to his filing a workers' compensation claim. *Carter v. Tennant Co.,* No. 02 C 1925, 2003 WL 21418231, at *4 (N.D. Ill. June 16, 2003) (citation omitted), *aff'd,* 383 F.3d 673 (7th Cir. 2004). Only the third element of Puhr's claim is contested.

"With respect to causation, 'the ultimate issue to be decided is the employer's motive in discharging the employee.'" *Goode v. Am. Airlines, Inc.,* 741 F.Supp.2d 877, 891 (N.D. Ill. 2010) (quoting *Hartlein v. Ill. Power Co.,* 601 N.E.2d 720, 730 (Ill. 1992)). A plaintiff may show an improper motive through direct or circumstantial evidence. *See, Jackson v. Bunge Corp.,* 40 F.3d 239, 242 (7th Cir. 1994). Direct evidence proves a fact "without reliance on inference or presumption." *Lalvani v. Ill. Human Rights Comm'n,* 755 N.E.2d 51, 65 (Ill. App. Ct. 2001). Circumstantial evidence consists of "proof of facts and circumstances from which the jury may infer other connected facts, reasonably following from the proven facts and circumstances." *Jackson,* 40 F.3d at 242 (citation and internal quotations omitted).

Puhr has failed to come forward with any direct evidence of Univar's retaliatory intent. Instead, Puhr offers several pieces of circumstantial evidence from which he contends

retaliatory intent may be inferred.  First, Puhr argues that Boby lacked any understanding of Illinois workers' compensation law and did not know whether an employee could be fired for filing a workers' compensation claim.  Second, Puhr claims that Univar was financially motivated to terminate him in response to his filing a claim.  Third, Puhr contends that Boby knew about Puhr's workers' compensation claim and was kept apprised of Puhr's medical condition.  Fourth, Puhr testified that Boby expressed "displeasure" with the workers' compensation process and how long it was taking, and told him to "hurry up and heal." Finally, Puhr claims that other Univar employees were not required to wear over-boots and never disciplined for failing to do so.  This evidence, Puhr argues, coupled with the timing of his termination, creates "a strong inference of causation." (Pl.'s Resp., ECF No. 21, at 10.)

The Court finds Puhr's evidence insufficient to create a triable issue of fact regarding causation.  For instance, Puhr has provided no basis for his claim that retaliatory animus can be inferred from a decision-maker's lack of knowledge about workers' compensation law.  The financial motivation Puhr refers to is equally thin.  It is based entirely on Boby's agreement that it is "not a good thing" to incur expenses paying workers' compensation claims.  However, Boby went on to say that "the reason for that is because you don't want people off of work."

(Boby Dep., ECF No. 16-5, at 227:9–228:8.) Although it is undisputed that Boby knew Puhr had filed a workers' compensation claim, "an employer cannot be held liable for a retaliatory discharge solely because the employer fired an employee who at one time or another filed a workers' compensation claim." *Dixon Distrib. Co. v. Hanover Ins. Co.,* 612 N.E.2d 846, 852 (Ill. App. Ct. 1993) *aff'd,* 641 N.E.2d 395 (Ill. 1994). And while it is true that Univar never formally disciplined another employee for failing to wear over-boots (*see,* Boby Dep., ECF No. 16-5, at 132:3–21), Puhr's contention that other similarly situated employees were not required to wear them is based solely on his assertion that he never saw anyone else doing so.

The Court is also not persuaded that the timing of events supports an inference of discrimination. Suspicious timing — specifically, a short length of time between an employee's exercise of rights under the IWCA and termination — is relevant to, but not determinative of, a plaintiff's retaliation claim. *See, Goode,* 741 F.Supp.2d at 892. However, temporal proximity between a claim and a termination is a "wash" when a single underlying incident is the cause of both events. *See, Hudson v. Wal-Mart Stores, Inc.,* 412 F.3d 781, 787 (7th Cir. 2005) (rejecting evidence of timing where altercation with co-worker was the cause of employee's workers' compensation claim and ultimate termination).

Only one piece of evidence remains:  Puhr's testimony that Boby was displeased with the workers' compensation process and how long Puhr's recovery was taking — frustrations that Boby apparently voiced to Puhr's coordinating nurse.  However, Puhr also stated that he did not have a great deal of contact with Boby during the recovery process, and that his conversations with him were "more general."  (Puhr Dep., ECF No. 16-1, at 11:2-11.)  The Court finds this evidence, even when construed in the light most favorable to Puhr, fails to provide a sufficient basis from which a reasonable jury could infer causation.

Even assuming that Puhr had established that his assertion of rights under the IWCA prompted his termination, "causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee." *Hartlein,* 601 N.E.2d at 728.  Here, Univar has provided what it claims to be a legitimate reason for the termination:  Puhr's failure to wear required PPE.  Univar has provided substantial evidence — including Boby's testimony, a monthly safety checklist including "Steel toe rubber boots; chem/corr resistant," and a safety training slide depicting rubber over-boots — demonstrating that over-boots were a required PPE component, and that Puhr received a pair of over-boots in conjunction with his safety training. It is undisputed that Puhr was not wearing over-boots when the

incident occurred. Univar has also provided evidence that it terminated another employee for failing to wear other PPE items.

To survive summary judgment, Puhr must provide evidence that Univar's explanation for the termination is "mere pretext," that is, that Univar "did not honestly believe the reasons it gave for its action." *Goode,* 741 F.Supp.2d at 892 (citation and internal quotations omitted). As evidence of pretext, Puhr appears to contend that the over-boot policy was non-existent, arguing that Univar never provided him with over-boots, discussed over-boots during safety training, or disciplined him or any other employee for failing to wear over-boots.

Although this evidence may show that Puhr was not aware of the over-boot policy, or even that the policy was not rigorously enforced, it is insufficient to raise a question of fact as to whether Univar "honestly believe[d] the reasons it gave for its action" or "tried to cover up the actual reasons for its actions through lies or deceit." *Id.* (citation and internal quotations omitted); *see also, Fuentes v. Lear Siegler, Inc.,* 529 N.E.2d 40, 43 (Ill. App. Ct. 1988) (explaining that employee's lack of awareness regarding a particular safety rule does not, in itself, "raise a question of fact regarding defendant's motive for the discharge"). Puhr's evidence fails to support the conclusion that Univar did not honestly believe that Puhr was in violation of the over-boot policy when the incident occurred, or

attempted to hide behind the policy to cover up the real reason for its decision.

## IV. CONCLUSION

For the reasons stated herein, Univar's Motion for Summary Judgment [ECF No. 12] is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: July 7, 2015